# OBERMAYER

**Stacey L. Pitcher**
Direct Dial: 917.994.2551
Stacey.Pitcher@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**
521 Fifth Avenue | 34th Floor
New York, NY 10175
P: 212.922.9182
F: 917.994.2545

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-6-2020

MEMO ENDORSED

January 3, 2020

**VIA ECF**
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**RE: Rodriguez v. Newmark & Company Real Estate, Inc. et al**
**Docket No. 1:19 Civ. 9607 (LTS)**

Dear Judge Swain,

We represent the Defendant Newmark & Company Real Estate, Inc. ("Newmark") in the above matter.

As the Court is aware, this matter was removed from the Supreme Court of New York State and currently pending are Defendants' Motions to Dismiss or, in the alternative to stay and compel arbitration (Doc. 5, 27), and Plaintiff's Motion to Remand (Doc. 17).

An Initial Conference is currently scheduled for January 10, 2020. Newmark respectfully requests that this Court adjourn the Initial Conference until after a decision is rendered on either or both of the above-referenced motions. In the alternative, Newmark requests that, if the conference is not adjourned, the time to submit a Preliminary Pre-Trial Statement be extended until after a decision is rendered on the motions.

The Motions to Dismiss assert that the Plaintiff's claims are governed by a Collective Bargaining Agreement ("CBA") and, thus, must be arbitrated. The Motion to Remand asserts that the claims are not covered by the CBA and, thus, this Court does not have jurisdiction and the case should be remanded to state court. Presumably, if this Court agrees with the Defendants, the case will be dismissed or stayed; and if the Court agrees with Plaintiff, the case will be remanded to state court. Thus, it would appear unlikely that this case will continue to be litigated in this forum past the decisions on the pending motions.

Therefore, Newmark respectfully requests that the Initial Conference be adjourned until after a decision is rendered on the Motions to Dismiss and/or Motion to Remand. In the alternative, Newmark requests that, if the conference is not adjourned, the time to submit a

Preliminary Pre-Trial Statement be extended until after decisions are rendered on the pending motions.

This is Newmark's first request for such a continuance and/or extension.

Plaintiff as well as Co-Defendants Musart Associates, LLC and GFP Real Estate LLC consent to this request.

In light of the pending motions, Newmark does not believe that this request will affect other deadlines in this case.

We thank the Court in advance for its time and consideration.

                              Respectfully submitted,

                              *Stacey Pitcher*

                              Stacey L. Pitcher

Cc:    Denise Bonnaig (via ECF)
         Maureen Stampp (via ECF)
         Ivan Smith (via ECF)

*[Handwritten note:]* The conference is adjourned to June 15, 2020, at 10:30 AM as a control date, and the related consultation and submission requirements are suspended pending further order of the Court. DE # 45 resolved.

SO ORDERED:

_____ 1/6/2020
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE