UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MICHAEL RODRIGUEZ,

                     Plaintiff,

      -against-

NEWMARK & COMPANY REAL ESTATE, INC., GFP REAL ESTATE, LLC, MUSART ASSOCIATES, LLC, and SAMUEL GONZALEZ,

                     Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 10, 2020

19-CV-9607 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Plaintiff Michael Rodriguez initially filed this suit in New York State Supreme Court, County of New York, asserting that Defendants sexually harassed him, subjected him to a hostile work environment on the basis of his gender, and retaliated against him for reporting this harassment to his employers and his union, all in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq*. Defendant GFP Real Estate, LLC ("GFP") removed Plaintiff's suit to this Court. In its notice of removal, GFP argued that Plaintiff's claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because their resolution depends upon the interpretation of a collective bargaining agreement between Plaintiff and his union.

      Plaintiff has moved to remand this action back to New York State court. (ECF No. 17.) Defendants have moved to dismiss Plaintiff's complaint, or, in the alternative, to stay this action and compel arbitration. (ECF Nos. 5, 27.)

      The Court finds that Plaintiff's complaint is not preempted by § 301, and thus is not

properly before the Court.  The Court GRANTS Plaintiff's motion to remand and DENIES Defendants' motions to dismiss or stay litigation as moot.

## BACKGROUND

### I. Facts

Defendant Musart Associates, LLC ("Musart") owns a commercial building located at 119 West 57th Street in New York City (the "Building").  (Complaint, ¶¶ 5, 19, ECF No. 6-1.)  Defendant GFP[1] provides management and leasing services to Musart.  (*Id.* ¶ 5.)  Plaintiff has worked as a porter at the Building since April 2007.  (*Id.* ¶ 18.)  Plaintiff is jointly employed by GFP and Musart.  (*Id.* ¶ 7.)

Plaintiff is a member of Local 32BJ, Service Employees International Union (the "Union").  (*Id.* ¶ 18.)  Musart is a member of the Realty Advisory Board on Labor Relations, Inc. (the "RAB"), a multi-employer bargaining group.  At all relevant times, the bargaining unit of service employees of GFP, including Plaintiff, were covered by the 2016 collective bargaining agreement between the RAB and the Union (the "CBA").  (*Id.* ¶ 14; CBA, ECF No. 6-3.)  The CBA contains a "No Discrimination" clause, which states that the CBA's grievance and arbitration procedure will be the "sole and exclusive remedy for violations" of, *inter alia*, the New York City Human Rights Code.  (CBA Art. XXI § 24(A).)

Plaintiff's claims in this matter arise from the conduct of Defendant Samuel Gonzalez, the superintendent of the Building.  (Complaint ¶ 9.)  Gonzalez supervises the porters at the Building, including Plaintiff.  (*Id.* ¶ 10.)  Starting shortly after Plaintiff was hired, Gonzalez has allegedly sexually harassed Plaintiff by, among other things, leering at Plaintiff while he

---

[1] Prior to October 2017, GFP Real Estate LLC was called "Newmark & Company Real Estate Inc." ("Newmark").  At that time, Newmark changed its name to GFP Real Estate, LLC.  (Complaint ¶ 3.) Apparently, at the time of this suit, Newmark is a separate entity from GFP; the Complaint provides no further information about the relationship between these entities.

undresses out of his uniform, making sexual comments, coercing Plaintiff and other porters to watch pornography, and touching Plaintiff's arm without Plaintiff's consent while making aggressive, sexually charged comments. (*Id.* ¶¶ 25–28.)

Plaintiff repeatedly and forcefully told Gonzalez that Gonzalez's behavior made him uncomfortable. (*Id.* ¶¶ 37–38.) Gonzalez punished Plaintiff for objecting by removing him from certain shifts, and giving him undesirable tasks to perform. (*Id.* ¶ 39.) Gonzalez also punished Plaintiff by issuing a warning letter to Plaintiff, falsely accusing him of insubordination. (*Id.* ¶¶ 40–44.)

On or about October 19, 2018, Plaintiff informed his Union about Gonzalez's conduct, including the sexual harassment and the warning letter. (*Id.* ¶¶ 51–58.) The Union then wrote to management, stating that the warning letter contained untrue allegations about Plaintiff. The Union did not mention Plaintiff's complaints about sexual harassment or the hostile work environment. (*Id.* ¶¶ 59–60.) Gonzalez allegedly continued to harass Plaintiff. (*Id.* ¶ 60.)

On or about May 6, 2019, Plaintiff filed a written complaint concerning sexual harassment and hostile work environment with GFP. (*Id.* ¶ 64.) Plaintiff spoke to a Union representative about his complaint to GFP. (*Id.* ¶¶ 67–69.) Plaintiff requested that the representative assist him in meeting with GFP to discuss his complaint, but no meeting occurred because the representative became sick. (*Id.* ¶ 70.) Thereafter, Plaintiff made numerous attempts to reach the representative, but the representative did not respond. (*Id.* ¶¶ 74–75.)

On June 21, 2019, GFP proposed that Plaintiff be transferred to another GFP property. (*Id.* ¶ 77.) No transfer occurred, and Gonzalez has continued to harass Plaintiff. (*Id.* ¶¶ 78–80.)

**II.     Procedural History**

On August 27, 2019, Plaintiff filed a complaint in the New York State Supreme Court, County of New York, against Newmark, GFP, Musart, and Gonzalez, asserting claims under the

NYCHRL. (ECF No. 6-1.)

On October 17, 2019, GFP filed a notice of removal to this Court under 28 U.S.C. § 1441(a). (ECF No. 1.) On the same day, GFP, Musart, and Gonzalez moved to dismiss Plaintiff's complaint, or, in the alternative, to stay Plaintiff's action and direct Plaintiff to arbitrate his claims. (ECF No. 5.) Newmark separately moved to dismiss or stay the action, adopting the arguments of the other Defendants. (ECF No. 27.)

On October 31, 2019, Plaintiff moved to remand his action back to the New York State Supreme Court. (ECF No. 17.)

## DISCUSSION

Defendant removed Plaintiff's lawsuit to this Court on the ground that Plaintiff's NYCHRL claims are preempted by § 301 of the LMRA, because the resolution of those claims depends upon the interpretation of the CBA. In his motion to remand, Plaintiff argues that his claims can be resolved without analyzing the CBA.

Ordinarily, absent diversity between the parties, a defendant may remove a suit to federal court only when the plaintiff's "well-pleaded complaint" raises a federal question. Thus, a defendant's ability to raise a federal defense, such as federal preemption, does not generally give rise to federal jurisdiction. The "well-pleaded complaint" rule makes the plaintiff the "master of the claim," as he or she may avoid federal jurisdiction by pleading only under state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

The "complete preemption" doctrine operates as a "corollary" to the "well-pleaded complaint" rule. *Id.* The complete preemption doctrine holds that some federal statutes "so completely preempt" state law claims "that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). A state law claim that is completely preempted is considered to be a federal claim that

4

raises a federal question, and thus is subject to removal, even though it is ostensibly pled only in state law. *See id.*

The complete preemption doctrine applies to state law claims preempted by § 301 of the LMRA. *Caterpillar*, 472 U.S. at 393. Section 301 provides that federal courts have jurisdiction over all "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 preempts all "claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar*, 482 U.S. at 394 (quotation marks and citation omitted). Thus, if a plaintiff's state law claims are preempted by § 301, the defendant may remove plaintiff's suit to federal court. *See id.* at 393.

Although § 301 preempts many claims arising from or involving collective-bargaining agreements, it does not preempt "every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). When a state law claim is "independent" of a collective-bargaining agreement, it is not preempted by § 301. A state law claim is "independent" of a collective-bargaining agreement if "resolution of the state-law claim does not require construing the collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 408 (1988). This distinction prevents § 301 from "preempt[ing] nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994).

Here, Plaintiff's claims under the NYCHRL can be resolved without analyzing the CBA. Plaintiff alleges that Defendants sexually harassed him, subjected him to a hostile work environment on the basis of his gender, and retaliated against him when he reported this harassment to the Union and GFP. Proof of these claims will depend upon the actions, statements, and motivations of Plaintiff, Gonzalez, and perhaps the other Defendants. Thus, the

claims "turn[] mainly on the behavior and motivation of the employer, and not on interpretation of the meaning of the [CBA]." *Bryant v. Verizon Commc'ns*, 550 F. Supp. 2d 513, 527–28 (S.D.N.Y. 2008) (McMahon, J.) (citing *Wynn v. AC Rochester*, 273 F.3d 153, 158–59 (2d Cir. 2001)). Defendant Newmark admits as much, stating that Defendants "are not arguing that the Plaintiff brought claims under the CBA or that the CBA needs to be interpreted in order to decide the Plaintiff's claims." (Newmark's Opposition to Plaintiff's Motion to Remand at 4–5, ECF No. 32.)

Instead, Defendants argue that Plaintiff's claims are preempted by § 301 because the "No Discrimination" clause provides that the CBA's grievance and arbitration procedures will be the "sole and exclusive remedy for violations" of the NYCHRL. (CBA Art. XXI § 24(A).) Defendants' anticipation that they will offer a defense that requires the court to interpret the CBA does not permit them to remove Plaintiff's state law claims to federal court. *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999) ("[A]n anticipated or actual federal defense generally does not qualify a case for removal."); *see also Chu v. Chinese-American Planning Council Home Attendant Program, Inc.,* 194 F. Supp. 3d 221, 229 (S.D.N.Y. 2016) (Forrest, J.) ("[A] defendant's assertion that a collective bargaining agreement compels arbitration is a defense to a claim that is distinct from the LMRA complete preemption doctrine and as such does not create a valid basis for federal jurisdiction."). As the Supreme Court explained in *Caterpillar*, "[w]hen a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option." 482 U.S. at 399. But, when a plaintiff asserts a state law claim that is independent of a collective-bargaining agreement, "the presence of a federal question, even a § 301 question, in a defensive argument does not . . .transform the action into one arising under federal law, thereby

6

selecting the forum in which the claim shall be litigated." *Id.*

## CONCLUSION

Plaintiff's motion for remand is GRANTED. (ECF No. 17.) Defendants' motions to dismiss are DENIED as moot. (ECF Nos. 5, 27.) The Clerk of Court is respectfully directed to close this case on this Court's docket and remand the case to the Supreme Court of the State of New York, County of New York.

SO ORDERED.

Dated: New York, New York
      June 10, 2020                                        /s/ Kimba M. Wood
                                                               KIMBA M. WOOD
                                              United States District Judge